UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITTANNI LAHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NYS UNIFIED COURT SYSTEM, )<br>MONROE COUNTY FAMILY )<br>COURT, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-02606 (UNA) |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of New York, sues the New York State Unified Court System (Monroe County Family Court), the Monroe County Public/Conflict Defender's Office, the Bivona Child Advocacy Group, the Legal Aid Society of Rochester, and the University of Rochester Medical Center, all of whom are also located in New York. *See* Compl. at 3–4. The common link between the Defendants is their involvement in custody proceedings involving Plaintiff's daughter, filed in Monroe County Family Court. *See id.* at 3–57. Plaintiff challenges the legality and validity of numerous actions taken, arising from determinations rendered in those proceedings, and she seeks damages and equitable relief. *See id.*

At root, Plaintiff demands that this Court review and intervene in local New York court proceedings, but this the Court is without subject matter jurisdiction to do so. Federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts and

local bodies, and Plaintiff cannot circumvent that prohibition by bringing this matter under the auspices of federal legal authority. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Applicable here, the domestic relations exception generally deprives a federal district court of the power to issue or modify child custody determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction to "resolve parental conflicts over the custody of . . . children"). State custody determinations must be contested in the local court where the proceedings were held. *See Bennett*, at 682 F.2d at 1042–43 (explaining that child custody issues are uniquely suited to resolution in local courts).

Assuming *arguendo* that this Court could exercise subject matter jurisdiction over Plaintiff's claims, venue in this District is improper. Generally, venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). As pleaded, this action bears no connection to the District of Columbia.

For all of these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN  
United States District Judge

Date: November 14, 2025